IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **DENEEN HARRIS, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL NO. 3:10cv00027 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on the Defendant's motion to dismiss (Docket No. 4). For the reasons set forth herein, it is the Court's recommendation that the Defendant's motion to dismiss be GRANTED.

## I. BACKGROUND

Plaintiffs' action against the United States of America arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., and asserts various torts allegedly committed by employees of the United States Government in the course of a search of a workers compensation office located at the Hunter Holmes McGuire Medical Center ("Center"), during which the Plaintiffs' workers compensation files were seized. Specifically, the nine Plaintiffs assert that they are present and former employees of the Center for whom workers compensation files are maintained at the facility. (Compl. ¶¶ 1, 5.) On or about September 18, 2008, officials from the Office of the Inspector General and other Veterans Administration law enforcement officers entered the workers compensation office of the Center, without notice and without a

warrant, probable cause, or written authorization to conduct a search. (Id. at ¶ 5.) They forcefully obtained keys to the locked file cabinets, ordered one Jessie Harvie (the workers compensation specialist) to depart the premises, after which the law enforcement personnel allegedly "ransacked" the office.[1] (Id.) They left the files "in such a state of disarray that it was impossible to transact business." (Id.)

Plaintiffs further assert that the "search methods and scope were far beyond that reasonable and necessary to conduct a legitimate law enforcement action." (Id.) As a result of the search, the Plaintiffs claim that they suffered from "disruption and interference with their workers' compensation claims." (Id. at ¶ 6, ad damnum clause.) They seek monetary damages in the amount of $100,000 per Plaintiff ($900,000 total) for the invasion of their respective privacy, trespass, emotional distress, humiliation, and interference with their workers' compensation claims. (Id. at ad damnum clause.)

In the Complaint, the Plaintiffs expressly enumerate four legal bases for their claims under the FTCA. (Id. at ¶¶ 7-10.) First, Plaintiffs assert that the actions of the Defendant constituted an unreasonable search and seizure in violation of the United States and Virginia Constitutions. (Id. at ¶ 7.) Second, Plaintiffs contend that the Defendant violated the Veterans Administration's obligation to safeguard an individual against an invasion of personal privacy pursuant to 38 U.S.C. § 501. (Id. at ¶ 8.) Third, Plaintiffs maintain that the Defendant failed to

---

[1] According to the Defendant, the agents were acting in response to allegations that numerous employees of the Center had submitted false and fraudulent claims to the Office of Workers Compensation Programs, and that the agents were acting lawfully pursuant to the Inspector General Act of 1978, which provides broad power to agency inspectors general to investigate fraud and abuse in agency operations and Programs. (Def.'s Mem. at 2 (citing 5 U.S.C. App. 3 §§ 2, 6.)

safeguard the Plaintiffs from the improper release of protected health information pursuant to 45 C.F.R. Subtitle A § 164.500 et. seq. (Id. at ¶ 9.) Finally, Plaintiffs allege that the Defendant's actions constituted an invasion of privacy under § 32.1-127.103 of the Virginia Code. (Id. at ¶ 10.)

The Defendant has moved to dismiss the Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the United States has not waived sovereign immunity under the FTCA for such claims which are based upon the United States and Virginia Constitutions, or the federal statutes and regulations relied on by the Plaintiffs, and that the Plaintiffs have otherwise failed to state a claim upon which relief can be granted with respect to their claim for invasion of privacy. (Def.'s Mem. Supp. Mot. ("Def.'s Mem.") at 1.) Plaintiffs have responded to the Defendant's motion to dismiss, but they have not addressed the Defendant's arguments that the United States has not waived sovereign immunity under the FTCA for the claims. However, Plaintiffs did challenge the Defendant's contention that they had failed to state a claim for invasion of privacy. (Pls.' Response at 3-4.) Additionally, Plaintiffs assert that their complaint contains all of the elements for two additional legal theories; namely, the abuse of process and trespass, and that the United States has waived sovereign immunity in regard to those torts. (Id. at 2-3.)

## II. DISMISSAL PURSUANT TO RULE 12(B)(1)

### A. Standard of Review

A motion made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the subject matter of the plaintiff's complaint. When the court's subject matter jurisdiction is challenged, the plaintiff bears the burden of proof.

Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When ruling on a 12(b)(1) motion, the Court considers the pleadings, and it may also consider evidence outside of the pleadings without necessarily converting the motion to one for summary judgment. Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768). The moving party will prevail as a matter of law if material jurisdictional issues are not in dispute. Id.

**B.  Discussion**

Defendant contends that the Court lacks jurisdiction over the subject matter of the Plaintiffs' claims where the United States has not waived its sovereign immunity under the FTCA for claims such as those presented by the Plaintiffs. The doctrine of sovereign immunity operates to "shield the United States from suit unless it consents to be sued . . . [a]nd, any waivers of sovereign immunity must be 'construed strictly in favor of the sovereign.'" Circuit City Stores, Inc. v. EEOC, 75 F. Supp. 2d 491, 503 (E.D. Va. 1999) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983)); see also United States v. Dalm, 494 U.S. 596, 608 (1990); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Mitchell, 445 U.S. 535, 538, (1980). If sovereign immunity has not been waived, federal courts lack jurisdiction over the subject matter of the claim. FDIC v. Meyer, 510 U.S. 471, 475 (1994); McLean v. United States, 566 F.3d 391, 401-02 (4th Cir. 2009).

The FTCA provides for a limited waiver of sovereign immunity by authorizing actions against the United States for injuries caused by the negligent or wrongful acts or omissions of its employees "under circumstances where the United States, if a private person, would be liable to

4

the claimant in accordance with <u>the law of the place where the act or omission occurred</u>." 28 U.S.C. § 1346(b)(1) (emphasis added).  Thus, in order to establish a waiver of sovereign immunity under the FTCA, Plaintiffs must allege sufficient facts under which a private person could be held liable under the laws of Virginia.  See <u>FDIC v. Meyer</u>, 510 U.S. 471, 477 (1994) ("to be actionable under § 1346(b), a claim must allege, inter alia, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred'"); <u>Williams v. United States</u>, 242 F.3d 169, 176 (4th Cir. 2001) (finding no waiver of sovereign immunity were the statutes and regulations relied on by the plaintiff did not provide a private cause of action).

        **1.**        **United States and Virginia Constitutions**

Plaintiffs have alleged that the actions of the Defendant constituted an unreasonable search and seizure in violation of the United States and Virginia Constitutions.  (Compl. ¶ 7.)  The Defendant asserts that the Court lacks jurisdiction over the subject matter of the Plaintiffs' claims where the United States has not waived its sovereign immunity under the FTCA for claims arising under the United States and Virginia Constitutions.  (Def.'s Mem. at 5.)  The United States Supreme Court has held that federal constitutional tort claims are not cognizable under the FTCA.  <u>Meyer</u>, 510 U.S. at 478 ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").  Likewise, the Virginia constitutional provision relating to search and seizure, Article I, § 10, prohibits unreasonable search and seizure by a state actor, as opposed to a private person, and therefore, does not provide a basis for finding a waiver of sovereign immunity under the

5

FTCA where the United States could not be liable as "a private person" for the commission of a constitutional tort in derogation of the rights set forth in the Virginia Constitution.[2]  See United States v. Olson, 546 U.S. 43, 44-46 (2005) (reversing a line of Ninth Circuit precedent that permitted courts to base a waiver of sovereign immunity under the FTCA on a finding that local law would make a state or municipal entity liable, and emphasizing that the FTCA provides for a waiver under circumstances where a private person would be liable to the claimant for similar conduct); Williams, 242 F.3d at 176.  Accordingly, the FTCA does not create a waiver of sovereign immunity for Plaintiffs' constitutional tort claims under either the United States or Virginia Constitutions, and the Court, therefore, lacks subject matter jurisdiction to consider the Plaintiffs' claims based on a violation of those constitutional precepts.

 2.     **Federal Statutes and Regulations**

Plaintiffs further contend that the Defendant violated the Veterans Administration's obligation to safeguard an individual against an invasion of personal privacy pursuant to 38 U.S.C. § 501, and also failed to safeguard the Plaintiffs from the improper release of protected health information pursuant to 45 C.F.R. Subtitle A § 164.500 et. seq.  (Compl. ¶¶ 8-9.)  The Defendant responded that the Court lacks jurisdiction over the subject matter of the Plaintiffs' claims where it is well established that the violation of a federal statute or regulation by

---

[2] Nor will a claim pursuant to 42 U.S.C. § 1983 or a so-called "Bivens" action permit the Plaintiffs to pursue their claims against the United States under the FTCA for violation of a state constitutional right.  Causes of action pursuant to § 1983 or under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), are inapplicable here because they are based upon alleged violation of federal, not state, law; whereas, the FTCA applies only where state, not federal, law provides the source of liability.  As the Supreme Court has noted, the FTCA and Bivens were intended to serve as "parallel" and "complimentary" sources of liability, Carlson v. Green, 446 U.S. 14, 19-20 (1980), not as a means of stating a claim under the other.

government officials does not create a cause of action under the FTCA. (Def.'s Mem. at 6.) As earlier noted, the FTCA grants federal district courts jurisdiction "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has construed "the law of the place where the act or omission occurred" to mean the "law of the State -- the source of substantive liability under the FTCA." Meyer, 510 U.S. at 478 (citing Miree v. DeKalb County, 433 U.S. 25, 29, n. 4 (1977); United States v. Muniz, 374 U.S. 150, 153 (1963); Richards v. United States, 369 U.S. 1, 6-7, 11 (1962); Rayonier Inc. v. United States, 352 U.S. 315, 318 (1957)). Federal law cannot provide the source of substantive liability under the FTCA. Id. (holding that the United States has not rendered itself liable under the FTCA for constitutional tort claims on the ground that federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right). Accordingly, the Plaintiffs may not proceed under these legal theories based on federal statutes and regulations because the United States has not waived its sovereign immunity for such claims.

### 3. Violation of Virginia Code § 32.1-127.1:03

Additionally, Plaintiffs allege that the Defendant's actions constituted an invasion of privacy under § 32.1-127.1:03 of the Virginia Code. (Compl. ¶ 10.) Virginia Code § 32.1-127.1:03 recognizes an individual's right to privacy in the content of his or her health records and prohibits health care entities and their employees from disclosing an individual's health records. Defendant contends that the Court lacks jurisdiction over the subject matter of this claim because a private individual could not be held liable under this statute where the statute

7

creates no private right of action, and therefore, neither could the United States be liable under the FTCA for an alleged failure to comply with Virginia Code § 32.1-127.1:03. (Def.'s Mem. at 7.) Plaintiffs concede that if Virginia Code § 32.1-127.1:03 does not provide for a private remedy, the United States cannot be held liable to the Plaintiffs for an alleged violation thereof. See Williams, 242 F.3d at 176 (finding no waiver of sovereign immunity under the FTCA where state law did not provide a private right of action). Thus, the issue is whether Virginia Code § 32.1-127.1:03 creates a private right of action.

It is well-settled Virginia law that a private right of action is not automatically created by a penal or regulatory statute. Black & White Cars, Inc. v. Groome Transp., 442 S.E.2d 391, 394 (Va. 1994); Koschene v. Hutchinson, No. CL06-476, 2007 WL 6013037, at *2 (Va. Cir. Mar. 16, 2007). "[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." Vansant & Gusler, Inc. v. Washington, 429 S.E.2d 31, 33 (Va. 1993) (quoting Sch. Bd. v. Giannoutsos, 380 S.E.2d 647, 649 (Va. 1989)).

Reviewing Title 32.1 of the Virginia Code, and most particularly § 32.1-127.1:03, it is doubtful that the State Legislature intended to create a private cause of action for violation of the provisions of that Title. Title 32.1 of the Virginia Code is devoted to issues of public health. Chapter 1 of Title 32.1 creates a regulatory scheme to accomplish the purposes of the Title. Under section 32.1-27, violations of the provisions of Title 32.1 constitute a Class 1 misdemeanor, and any person believed to have violated those provisions may be prosecuted by the State Board of Health or the State Health Commissioner. Virginia Code § 32.1-127.1:03 does not expressly provide for a private cause of action. Rather, when the statute is violated, the

State Board of Health and the State Health Commissioner have authority to prosecute for the alleged violation. Va. Code. § 32.1-27. Therefore, it appears that prosecution by the State Board of Health or the State Health Commissioner was intended to be the exclusive remedy for violation of Virginia Code § 32.1-127.1:03, and that there is no implied private cause of action for a violation of Virginia Code § 32.1-127.1:03.

Nonetheless, as the Plaintiffs noted at the hearing on the motion, the Richmond Circuit Court has recognized a private cause of action under Virginia Code § 32.1-127.1:03. In <u>Smith v. Kryzanowski</u>, No. LS-1780-1, 2005 WL 2662703 (Va. Cir. Oct. 17, 2005), the plaintiff alleged wrongful disclosure of her medical records, which disclosure occurred in the course of an underlying action for child custody. <u>Smith</u>, 2005 WL 2662703, at *1. The plaintiff (the grandmother of the child) asserted that her medical records were obtained by the child's mother and the mother's attorney from the plaintiff's physician by a subpoena duces tecum, and that the attorney and the child's mother did so in violation of Virginia Code § 32.1-127.1:03 insofar as they failed to furnish the plaintiff with a copy of the subpoena and a notice of her right to file a motion to quash, as required by the statute. <u>Id.</u> The plaintiff proceeded against the mother and the attorney under a theory of negligence, and the defendants demurred on the basis that they owed no duty to the plaintiff on which to base a claim of negligence. <u>Id.</u> at 1-2. The Court overruled the defendants' demurrers and held that the plaintiff, by alleging that Virginia Code § 32.1-127.1:03(H)(1) created a duty on a party to provide a non-party witness with a copy of an attorney-issued subpoena as well as a notice of the right to file a motion to quash, had sufficiently alleged a duty owed by the defendants to the plaintiff and a breach thereof. <u>Id.</u> at 2.

Based upon the holding in <u>Smith v. Kryzanowski</u>, the Court concludes that the State

9

would recognize a private cause of action under a negligence theory for violation of a duty imposed by Virginia Code § 32.1-127.1:03, such as the duty of a "health care entity, or other person working in a health care setting" not to "disclos[e] and individual's health records." Thus, a claim under the FTCA for and alleged violation of Virginia Code § 32.1-127.1:03 would be cognizable against the United States, and the Court has jurisdiction to entertain this claim. Nonetheless, as will be discussed below, the Court finds that the claim must be dismissed for other reasons.

### 4. Abuse of Process

Plaintiffs also assert that the Defendant's actions constituted abuse of process in violation of the common law of Virginia.[3] (Pls.' Response at 2.) Abuse of process, when allegedly committed by an investigative officer, is a claim for which Congress has expressly authorized a waiver of sovereign immunity under the FTCA. See 28 U.S.C. § 2680(h) (stating that the FTCA

---

[3] Plaintiffs assert this legal theory for the first time in their response to the Defendant's motion to dismiss. (Pl.'s Response at 2.) Plaintiffs also assert for the first time a claim based upon the common law doctrine of trespass. (Id. at 2-3.) As a preliminary matter, the Defendant asserts that the Plaintiffs should not be permitted to raise these new theories in their response to the motion to dismiss. (Def.'s Reply 3.) However, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff is required only to set forth a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Although it may be helpful for a plaintiff to also set forth his legal theory for relief, he is not required to do so. New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24-25 (4th Cir. 1963). When a plaintiff chooses to identify a legal theory, under modern liberal pleading practice, any misconception by the plaintiff of the legal theory of his case will not constitute a forfeiture of his legal rights. Id. at 25. "In this day, a party ought not and does not lose his right when his counsel, however formally, advances an erroneous legal theory." Id. "If, on the facts disclosed, the party is entitled to some relief, it is the duty of the court to award it." Id. Here, the Plaintiffs have asserted two new legal theories (abuse of process and trespass). In doing so, they have not asserted any new facts, but rather have only applied a new legal theory to the facts already asserted in their complaint. The Court will, accordingly, consider the sufficiency of the Plaintiffs' allegations based upon these additional theories.

10

does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," but also waiving sovereign immunity for those same intentional torts when committed by law enforcement and investigative officers). Accordingly, the Court has jurisdiction to entertain the claim, but it must still be dismissed for other reasons as discussed herein.

### 5. Trespass

Plaintiffs further contend that the Defendant's actions constituted a trespass to chattels in violation of the common law of Virginia. (Pls.' Response at 2-3.) Specifically, the Plaintiffs contend that they had a property interest in their workers compensation files and that their property interest in those files was intruded upon without their authorization. (Id.) A claim for trespass is cognizable under the FTCA, and thus, the Court has jurisdiction over the subject matter of the Plaintiffs' claim. See 28 U.S.C. § 2680(h); e.g., Dunbar Corp. v. Lindsey, 905 F.2d 754 (4th Cir. 1990) (finding that Plaintiff had stated a viable trespass claim against the United States under North Carolina law that was cognizable under the FTCA); Birnbaum v. United States, 588 F.2d 319, 328 (2d Cir. 1978) (tort of trespass does not fall within intentional-torts exception to FTCA waiver of sovereign immunity). But, as with the claims of violation of Virginia Code § 32.1-127.1:03 and abuse of process, the claim for trespass must be dismissed for other reasons.

## III. DISMISSAL PURSUANT TO RULE 12(B)(6)

At this point in the Court's analysis, only three of the Plaintiffs' legal theories remain for further discussion; namely, Plaintiffs' claims for violation of Virginia Code § 32.1-127.1:03,

abuse of process, and trespass to chattels. The Defendant moves for dismissal of these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A.      Standard of Review**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citation omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th

Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This rule, however, is inapplicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**B. Discussion**

**1. Violation of Virginia Code § 32.1-127.1:03**

The Defendant seeks dismissal pursuant to Rule 12(b)(6) of Plaintiffs' claim purportedly based on Virginia Code § 32.1-127.1:03. As earlier noted, Virginia Code § 32.1-127.1:03 provides that "no health care entity, or other person working in a health care setting, may disclose an individual's health records." Va. Code § 32.1-127.1:03(A). As the Defendant noted during oral argument, Plaintiffs have not alleged a "disclosure" of their health care records; rather, they have alleged "seizure" of their workers compensation records by the Government. (Compl. ¶¶ 5, 7). Therefore, the conduct alleged in the complaint, even if assumed to be true, would not amount to a violation of Virginia Code § 32.1-127.1:03.

Moreover, Virginia Code § 32.1-127.1:03 includes an exception to the duty of non-disclosure, to wit: "Healthcare entities may, and, when required by other provisions of state law, shall, disclose health records . . . [t]o law enforcement officials if the health care entity believes in good faith that the information disclosed constitutes evidence of a crime that occurred on its premises." VA. Code § 32.1-127.1:03(D)(31). The complaint states, and the Defendant has

13

confirmed, that the agents who seized the files from the Center were acting on behalf of the Office of the Inspector General following an allegation of fraud. (Compl. ¶ 5.) The Inspector General Act of 1978 provides broad authority to agency inspectors general to investigate fraud and abuse in agency operations and programs, including the authority to access agency records. 5 U.S.C. App. 3 §§ 2, 6(a)(1) ("In addition to the authority otherwise provided by this Act, each Inspector General, in carrying out the provisions of this Act, is authorized . . . to have access to all records, reports, audits, reviews, documents, papers, recommendations, or other material available to the applicable establishment which relate to programs and operations with respect to which that Inspector General has responsibilities under this Act."). Therefore, even if the alleged seizure did come within the purview of Virginia Code § 32.1-127.1:03, it would be subject to the exception for disclosure to law enforcement officials as evidence of a crime that occurred on the premises, and would not be actionable. Accordingly, the Court recommends a finding that the Plaintiffs have failed to state a claim for disclosure of their records pursuant to Virginia Code § 32.1-127.1:03.

### 2. Abuse of Process

The Defendant seeks dismissal of Plaintiffs' abuse of process claim pursuant to Rule 12(b)(6) for failure to plead facts that, if taken as true, would satisfy the elements of an abuse of process claim. (Def.'s Reply at 4-6.) Under Virginia law, abuse of process is a type of tort characterized by "the improper use of otherwise regularly issued process in a manner not contemplated by law after its issuance." Tomai-Minogue v. State Farm Mut. Auto. Ins. Co., 770 F.2d 1228, 1237-38 (4th Cir. 1985). To state a claim for abuse of process, a plaintiff must plead: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the

regular prosecution of the proceedings. Donohoe Construction Co. v. Mt. Vernon Assoc., 368 S.E.2d 857, 862 (Va. 1988).

The Plaintiffs' allegations do not state a cause of action for abuse of process. The crux of the Plaintiffs' claim is that the office was searched and files were seized without a warrant or without any process, not that some regularly issued process was abused. Nor have the Plaintiffs alleged that the federal agents acted with some ulterior purpose. Therefore, the Court recommends a finding that the Plaintiffs have failed to state a claim for abuse of process.

### 3. Trespass

Finally, the Defendant seeks dismissal of Plaintiffs' remaining trespass claim pursuant to Rule 12(b)(6) for failure plead facts that, if taken as true, would state a claim of trespass. (Def.'s Reply at 6-7.) Under Virginia law, the tort of trespass to chattels is defined as "the intentional use or intermeddling with the personal property of another without authorization from the property's owner. America Online, Inc. v. LCGM, Inc., 46 F. Supp. 2d 444, 451-52 (E.D. Va. 1998); Mallory v. City of Richmond, No. CH-05-688, 2005 WL 2548494, at *2 (Va. Cir. Ct. Sept. 23, 2005).

As earlier noted, the Plaintiffs contend that they had a property interest in their workers compensation files, and that their property interest in those files was intruded upon without their authorization by the Defendant's agents when the agents seized the files from the Center. However, the workers compensation files were not the Plaintiffs' personal property; nor were the files in the Plaintiffs' possession. Therefore, the Plaintiffs cannot state a claim for trespass to the files, and their trespass claim should also be dismissed pursuant to Rule 12(b)(6).

### IV. CONCLUSION

In conclusion, and for the reasons discussed herein, it is the recommendation of this Court that the Defendant's motion to dismiss (Docket No. 4) be GRANTED.

Let the Clerk file this Report and Recommendation electronically and forward a copy to the Honorable Robert E. Payne, with notification to all counsel of record.

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: June 8, 2010